FILED
U.S. DISTRICT COURT

2006 MAR 20  P 3: 31

DISTRICT OF UTAH

BY: _____
       DEPUTY CLERK

Richard F. Ensor (10877)
ensor@strassbergensor.com
Strassberg & Ensor, P.C.
136 E. South Temple, Suite 1770
Salt Lake City, Utah 84111
Phone: (801) 328-0808
Facsimile: (801) 328-0807

Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| JAMES MORTON, as Trustee of the JAMES E. MORTON LIVING TRUST, <br><br> Plaintiff, <br><br> v. <br><br> MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED and PRESIDIO CAPITAL ADVISORS, LLC, <br><br> Defendants. | **NOTICE OF REMOVAL** <br><br> Judge Tena Campbell <br> DECK TYPE: Civil <br> DATE STAMP: 03/20/2006 @ 15:37:55 <br> CASE NUMBER:  2:06CV00236  TC |

Pursuant to 28 U.S.C. § 1446, Defendants Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") and Presidio Capital Advisors, LLC ("Presidio") file their notice of removal, and as grounds therefore, would show the Court as follows:

1.      Merrill Lynch and Presidio are named as Defendants in Case No. 060903356, a civil action commenced in the Third Judicial District Court, Salt Lake County, Utah, styled "James E. Morton, as Trustee of the James E. Morton Living Trust, Plaintiff, v. Merrill Lynch,

Pierce, Fenner & Smith, Inc. and Presidio Capital Advisors, LLC, Defendants" (hereinafter referred to as "the state court action"). As required by 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon Defendants in the state court action are attached hereto as Exhibit 1. Both Merrill Lynch and Presidio consent to the removal of this case.

2.     The state court action described above is one over which this court has original jurisdiction under 28 U.S.C. § 1332(a)(1), and may therefore be removed to this court pursuant to 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

3.     At the time the action was commenced, Plaintiff James E. Morton was, and still is, a citizen of the State of Utah.

4.     At the time this action was commenced, Merrill Lynch was, and still is, a corporation organized under the laws of the State of Delaware, having its principal place of business in the State of New York.

5.     At the time the action was commenced, Presidio was and still is a limited liability company organized under the laws of the State of California, having its principal place of business in the State of California. Presidio is a wholly-owned subsidiary of Presidio Financial Partners LLC, none of the members of which are citizens of the State of Utah. Specifically, Presidio Financial Partners LLC's managing members and their corresponding States of citizenship are as follows:  Nelson Bowers [Tennessee]; Steve Scott [Texas]; Glenn Darden [Texas]; Kevin Whalen [Texas]; Robert Morris [California]; Brodie L. Cobb [California]; Jeffrey L. Zlot [California]; Michael H. Russo [California]; Randy Longfield [California]; William D. Lamm [California]; Colin M. Carter [Texas]; Jeff Spears [California]; Mark Guinney

[California]; Andrew Rosenthal [California]; Kathleen Pearson [California]; Ken Wallace [California]; and Bruce Brugler [California].

6.     Although the Complaint in the state court action does not allege the specific sum Plaintiff seeks to recover, it is apparent from the well-pleaded allegations of the Complaint that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  The gravamen of the Complaint is that Defendants wrongfully sold 150,000 shares of Raser Technologies, Inc., a stock Plaintiff owned, at prices at or below $8 per share in October of 2005. [Complaint ¶ 25].  From October of 2005 through February 24, 2006, the date the state court action was commenced, Raser's closing price varied, but reached a high of nearly $23 per share in January of 2006.  Plaintiff presumptively seeks to recover the difference between the amount he received from the sales of these shares and a higher market price he might have received had he sold shares of the stock at a later date.  Given the number of shares at issue, the amount in controversy clearly exceeds $75,000.

7.     On February 27, 2006, Merrill Lynch was served with summons and a copy of Plaintiff's Complaint in the state court action.  On March 10, 2006, Presidio was served with a summons and a copy of Plaintiff's Complaint in the state court action.  This notice is, therefore, timely under 28 U.S.C. § 1446(b), as it is being filed within thirty (30) days of the first Defendant's receipt of a copy of the Plaintiff's initial pleading setting forth a claim for relief upon which this action is based.

8.     In accordance with 28 U.S.C. § 1446(d), the undersigned counsel for Defendants certifies that he has given notice of this removal to all adverse parties, and has filed a copy of this Notice with the Clerk of the Third Judicial District Court of Salt Lake County, Utah.

WHEREFORE, Defendants pray that this case proceed in this Court as an action properly removed thereto.

DATED this 20th day of March 2006.

Respectfully submitted,

By: _____
Richard F. Ensor

Strassberg & Ensor, P.C.
136 E. South Temple, Suite 1770
Salt Lake City, Utah 84111
Phone: (801) 328-0808
Facsimile: (801) 328-0807
**Attorneys for Defendants**

**SCOTT, HULSE, MARSHALL, FEUILLE,**
  **FINGER & THURMOND, P.C.**
Joseph L. Hood, Jr. (Pro Hac Vice Application pending)
P.O. Box 99123
El Paso, Texas  79999-9123
Tel. (915) 533-2493
Fax (915) 546-8333

Attorneys for Defendant Merrill Lynch
Pierce, Fenner & Smith Incorporated

**LOCKE, LIDDELL & SAPP, LLP**
C.W. Flynn (Pro Hac Vice Application pending)
2200 Ross Avenue, Suite 2200
Dallas, Texas  75201-6776
Tel. (214) 740-8654
Fax (214) 740-8800

Attorneys for Defendant Presidio
Capital Advisors, LLC

**Defendants' Addresses:**

Presidio Capital Advisors, LLC
101 California Street, 12th Floor
San Francisco, CA 94111

Merrill Lynch, Pierce, Fenner & Smith, Inc.
4 World Financial Center
New York, New York 10281

# CERTIFICATE OF SERVICE

THE UNDERSIGNED CERTIFIES that on this 20th day of March 2006, a true and correct copy of the foregoing was served upon the person(s) named below, in the manner indicated:

Thomas Karrenberg
Jon V. Harper
Anderson & Karrenberg
700 Chase Tower
50 West Broadway
Salt Lake City, UT 84101

[✓] U.S. Mail
[ ] Federal Express
[ ] Hand-Delivery
[ ] Telefacsimile
[ ] Other:

Name of Person Served: Kim Mixze
Address of Service: 50 W Broadway Ste 800 SLC UT 84101
Date of Service: 2-27-06
Time of Service: 9:00 am
Name of Process Server: Pamela Palmer

**ANDERSON & KARRENBERG**
Thomas R. Karrenberg (#3726)
Jon V. Harper (#1378)
700 Chase Tower
50 West Broadway
Salt Lake City, Utah 84101
Telephone: (801) 534-1700
Facsimile: (801) 364-7697

**Attorneys for Plaintiff**

---

## IN THE THIRD JUDICIAL DISTRICT COURT

## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| JAMES E. MORTON,<br><br>        Plaintiff,<br><br>vs.<br><br>MERRILL LYNCH PIERCE FENNER<br>& SMITH, INC. and PRESIDIO CAPITAL<br>ADVISORS, LLC,<br><br>        Defendants. | **SUMMONS**<br>**(20 Day)**<br><br><br>Case No. 060903356<br>Judge Hanson |

**THE STATE OF UTAH TO THE ABOVE-NAMED DEFENDANT:**

**MERRILL LYNCH PIERCE FENNER & SMITH, INC.**
c/o CT Corporation System
50 West Broadway, 8th Floor
Salt Lake City, UT 84101-2006

Exhibit 1

You are hereby summoned and required to file an answer in writing to the attached Complaint with the clerk of the above-entitled court, whose address is 450 South State Street, Salt Lake City, Utah 84111, and to serve upon, or mail to, Thomas R. Karrenberg, Esq., and Jon V. Harper, Esq., of ANDERSON & KARRENBERG, 700 Chase Tower, 50 West Broadway, Salt Lake City, Utah 84101-2006, attorneys for plaintiff, a copy of said answer within twenty (20) days after service of this summons upon you.

If you fail so to do, judgment by default will be taken against you for the relief demanded in the Complaint, the original of which has been filed with the Clerk of the Court and a copy of which is hereto annexed and herewith served upon you.

DATED: February 22, 2006

ANDERSON & KARRENBERG


Thomas R. Karrenberg
Jon V. Harper
**Attorneys for Plaintiff**

2



COPY

**ANDERSON & KARRENBERG**
Thomas R. Karrenberg (#3726)
Jon V. Harper (#1378)
700 Chase Tower
50 West Broadway
Salt Lake City, Utah  84101
Telephone:  (801) 534-1700
Facsimile:  (801) 364-7697

**Attorneys for Plaintiff**

---

### IN THE THIRD JUDICIAL DISTRICT COURT

### SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| JAMES E. MORTON, as Trustee for the JAMES E. MORTON LIVING TRUST, | **COMPLAINT** |
| Plaintiff, | |
| vs. | |
| MERRILL LYNCH PIERCE FENNER & SMITH, INC. and PRESIDIO CAPITAL ADVISORS, LLC, | Case No. 060903356<br>Judge Timothy R. Hanson<br><br>**JURY DEMAND** |
| Defendants. | |

James E. Morton ("Plaintiff"), as Trustee for the James E. Morton Living Trust (the

"Trust"), by and through the undersigned counsel, complains against Defendants Merrill Lynch

Pierce Fenner & Smith Inc. ("Merrill Lynch") and Presidio Capital Advisors, LLC ("Presidio"),

demands trial by jury, and alleges as follows:

## PARTIES

1.     Plaintiff is an individual residing in Salt Lake County, Utah, and serves as Trustee for the James E. Morton Living Trust.

2.     Defendant Merrill Lynch Pierce Fenner & Smith, Inc. ("Merrill Lynch"), is a Delaware corporation, licensed to do business in Utah, and is doing business in Salt Lake County, Utah.

3.     Defendant Presidio Capital Advisors, LLC ("Presidio"), is a California limited liability company that has contracted to supply services in this State, and has caused an injury within this State.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this matter pursuant to Utah Code Ann. § 78-3-4 (2004).  Personal jurisdiction over Defendants is valid pursuant to Utah Code Ann. § 78-27-24 (1998).

5.     Venue is appropriate in this Court pursuant to Utah Code Ann. § 78-13-5 through 7, inclusively.

## FACTUAL ALLEGATIONS

6.     In or about May 2005, Plaintiff opened a Brokerage Account with defendant Merrill Lynch through Jeff Wycoff, an Account Representative in Merrill Lynch's office in Walnut Creek, California.  At that time, the Trust held a significant number of shares of stock in Raser Technologies, Inc. ("Raser").  The Trust's Raser stock was held in this Brokerage Account.

- 2 -

7.    Shortly thereafter, Mr. Wycoff left the employ of Merrill Lynch and joined defendant Presidio Capital, leaving Christopher D. Barlow – with whom Mr. Wycoff has worked closely – to serve as Plaintiff's Account Representative, providing Plaintiff with advice and assistance in the management of Plaintiff's portfolio at Merrill Lynch.

8.    At all times relevant to this action, Mr. Wycoff was an employee and/or agent of Presidio Capital, acting within the scope of his employment and/or agency, and as such Presidio Capital is responsible for Wycoff's actions and omissions under the doctrine of respondeat superior.

9.    At all times relevant to this action, Mr. Barlow was an employee and/or agent of Merrill Lynch, acting within the scope of his employment and/or agency, and as such Merrill Lynch is responsible for Barlow's actions and omissions under the doctrine of respondeat superior.

10.    On or about September 6, 2005, Mr. Wycoff met with Plaintiff in Plaintiff's office in Salt Lake City, Utah, to discuss strategies for the management of Plaintiff's portfolio, including the Trust's Raser stock.

11.    In his meeting with Plaintiff, Mr. Wycoff proposed that he would serve as Plaintiff's investment advisor, representing that Presidio was comprised of a number of former Goldman Sachs investment advisors. Mr. Wycoff further proposed that he would advise Plaintiff on trades of the Trust's Raser stock, continuing to work with Mr. Barlow and Merrill Lynch, where Plaintiff's account would remain and the actual trades would be made.

12.     At the September 6 meeting, Plaintiff stressed to Mr. Wycoff that while he desired to sell some of the Trust's Raser stock, he did not want any action taken that would adversely affect Raser, its chairman Kraig Higginson, or the price of Raser stock.

13.     Plaintiff further explained that these considerations transcended considerations of making money from the Trust's Raser stock.

14.     Mr. Wycoff told Plaintiff that trades of the Trust's Raser stock could be conducted following an algorithmic formula that would avoid the adverse effects that Plaintiff so clearly wanted to avoid.

15.     Mr. Wycoff explained that Merrill Lynch's computer would be programmed to execute trades automatically according to certain parameters.  These parameters would include random sales of stock in small lots on a given day that would never involve more than two selling days in a week (and sometimes no sales at all in a given week), and that the volume of the sales would never exceed 10% of the daily volume of the stock.

16.     Plaintiff agreed to the approach proposed by Mr. Wycoff, and, on that basis, relying on Mr. Wycoff's representation and advice, Plaintiff executed an SEC Rule 144 form, in blank, to permit this process to begin.

17.     During September 2005, Mr. Wycoff conducted sales of the Trust's Raser stock on three separate days.  At the end of each day, he called Plaintiff and reported the volume of the sales (always less than 10% of the daily average) and the price (always slightly more than the average price).

18.     After the three days of sales, Plaintiff informed Mr. Wycoff that he wanted to stop making any more sales of the Trust's Raser stock for the time being.

19.     Plaintiff instructed Mr. Wycoff to continue his efforts to have the legend removed from the Trust's 144K stock, which was eligible to become free-trading stock on or about October 13, 2005.

20.     From October 12, 2005, to the end of the month, Plaintiff and his wife were in Europe on their honeymoon.

21.     On October 20, 2005, while in Italy, Plaintiff received certain telephone calls on his wife's cell phone from both Presidio and Merrill Lynch in connection with the execution of a document in order to complete the process of removing the legend from the Trust's 144K Raser stock.   The document was faxed to Plaintiff's hotel, and Plaintiff signed and returned the document that same day.

22.     In one of those brief calls, Plaintiff was informed that the price of the Raser stock had been falling – which was not unusual for this relatively volatile stock – and was advised that he might consider selling some of the Trust's Raser stock.

23.     Indicating that he would be returning in about a week, Plaintiff stressed that any sale during the intervening period needed to be within the parameters he had agreed to previously with Mr. Wycoff.  The other party attempted to reach Mr. Wycoff to add him to the call, but Mr. Wycoff, who himself was on vacation, did not answer.   Plaintiff nevertheless explained the parameters he had agreed to with Mr. Wycoff.

24.     Thus, Plaintiff authorized, at most, no more than two days of sales of Raser stock over the next six trading days – considering no more than two sales per week, and that the volume of the sales would not exceed 10% of the daily average sales of the stock.

25.     Upon his arrival in New York City from Europe, Plaintiff learned for the first time that 150,000 shares of the Trust's Raser stock had been sold into an account at Cantor Fitzgerald, and that many of the shares were sold at prices below $8 per share.

26.     Upon information and belief, Merrill Lynch sold the Trust's Raser stock to benefit another Merrill Lynch client referred to as a "captive buyer."

27.     Merrill Lynch was holding the Trust's shares of Raser stock on the Trust's behalf and sold and delivered those shares without the Plaintiff's authorization, knowledge, or consent.

28.     Upon information and belief, Merrill Lynch sold and delivered those shares either in concert with Presidio, or upon Presidio's direction, or with Presidio's knowledge and consent.

29.     As a result of the unauthorized sale of the Trust's Raser stock, the Trust has been damaged in an amount to be proved at trial.

30.     The acts or omissions of the defendants are the result of willful and malicious conduct, or conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights of the Trust.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract/Implied Covenant of Good Faith and Fair Dealing -- Merrill Lynch)

31.     Plaintiff incorporates the allegations of all preceding paragraphs as if fully stated herein.

32.     By selling the Trust's Raser stock without Plaintiff's authorization, and in direct violation of Plaintiff's instructions, Merrill Lynch breached the express and implied terms of its agreement with Plaintiff for the custody and management of the Trust's stock and related investment assets.

33.     By selling the Trust's Raser stock without Plaintiff's authorization, and in direct violation of Plaintiff's instructions, Merrill Lynch also breached the covenant of good faith and fair dealing, which was an implied term of Plaintiff's agreement with Merrill Lynch for the custody and management of the Trust's stock and related investment assets.

34.     Plaintiff fulfilled all of his obligations under his agreement with Merrill Lynch.

35.     As a result of Merrill Lynch's breach of its agreement with Plaintiff and of the implied covenant of good faith and fair dealing, the Trust has been damaged in an amount to be proved at trial.

## SECOND CLAIM FOR RELIEF

### (Breach of Contract/Implied Covenant of Good Faith and Fair Dealing - Presidio)

36.     Plaintiff incorporates the allegations of all preceding paragraphs as if fully stated herein.

37.     By participating in, encouraging, directing, and/or allowing Merrill Lynch's sale of the Trust's Raser stock without Plaintiff's authorization, and in direct violation of Plaintiff's instructions, Presidio and its employees and agents breached the express and implied terms of Presidio's agreement with Plaintiff to advise and assist Plaintiff in the management of his portfolio.

38.    By participating in, encouraging, directing, and/or allowing Merrill Lynch's sale of the Trust's Raser stock without Plaintiff's authorization, and in direct violation of Plaintiff's instructions, Presidio and its employees and agents also breached the covenant of good faith and fair dealing, which was an implied term of Presidio's agreement with Plaintiff to advise and assist Plaintiff in the management of his portfolio.

39.    Plaintiff fulfilled all of his obligations under his agreement with Presidio.

40.    As a result of Presidio's breach of its agreement with Plaintiff and of the implied covenant of good faith and fair dealing, the Trust has been damaged in an amount to be proved at trial.

## THIRD CLAIM FOR RELIEF

### (Breach of Fiduciary Duty – Merrill Lynch and Presidio)

41.    Plaintiff incorporates the allegations of all preceding paragraphs as if fully stated herein.

42.    By selling the Trust's Raser stock without Plaintiff's authorization, and in direct violation of Plaintiff's instructions, Merrill Lynch and its employees and agents breached their fiduciary duties to the Trust, including but not limited to their (a) duty of loyalty to the Trust; (b) duty to exercise due care in the management of the Trust's stock and related investment assets in Plaintiff's Brokerage Account; (c) duty to follow Plaintiff's instructions regarding the management of the Trust's stock and related investment assets in Plaintiff's Brokerage Account; and (d) duty to act only as authorized in the management of the Trust's stock and related investment assets in Plaintiff's Brokerage Account.

- 8 -

43.     By participating in, encouraging, directing, and/or allowing Merrill Lynch's sale of the Trust's Raser stock without Plaintiff's authorization, and in direct violation of Plaintiff's instructions, Presidio and its employees and agents breached their fiduciary duties to the Trust, including but not limited their (a) duty of loyalty to the Trust; (b) duty to exercise due care in advising and assisting Plaintiff in the management of the Trust's stock; (c) duty to follow Plaintiff's instructions regarding the management of the Trust's stock; and (d) duty to act only as authorized in the management of the Trust's stock.

44.     As a result of Merrill Lynch's and Presidio's breaches of their fiduciary duties to the Trust, the Trust has been damaged in an amount to be proved at trial.

45.     Merrill Lynch and Presidio each knew that the other's conduct constituted a breach of the other's fiduciary duties to the Trust and gave substantial assistance and encouragement to the other to so breach that duty.

46.     Alternatively, Merrill Lynch and Presidio each gave substantial assistance to each other in accomplishing the breach of the other's fiduciary duties to the Trust, and Merrill Lynch's and Presidio's own conduct, separately considered, constituted a breach of their own fiduciary duties to the Trust.

47.     Accordingly, Merrill Lynch and Presidio are each fully liable for all damages the Trust suffered as a result of the breaches of the fiduciary duties owed by both Merrill Lynch and Presidio to the Trust.

## FOURTH CLAIM FOR RELIEF

### (Conspiracy – Merrill Lynch and Presidio)

48.     Plaintiff incorporates the allegations of all preceding paragraphs as if fully stated herein.

49.     As demonstrated by the allegations set forth, Merrill Lynch and Presidio acted in concert to effect the sale of the Trust's Raser stock in October 2005, pursuant to a meeting of the minds on the object and course of action, which resulted in an unlawful act, i.e., the sale of the Trust's Raser stock without Plaintiff's authorization, in violation of Plaintiff's directions, and in breach of the fiduciary duties owed to the Trust.

50.     As a result of the conspiracy between Merrill Lynch and Presidio to affect the unauthorized sale of the Trust's Raser stock, the Trust was damaged in an amount to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks for Judgment in the Trust's favor and against Defendants for the following:

1.     Damages in an amount to be proved at trial;

2.     Punitive damages;

3.     Attorney fees pursuant to the Account Agreement and as otherwise provided by law;

4.     Prejudgment and postjudgment interest;

5.     Costs and other expenses of litigation; and

- 10 -

6.     All additional relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.


DATED:  February __ __, 2006


ANDERSON & KARRENBERG


Thomas R. Karrenberg
Jon V. Harper
**Attorneys for Plaintiff**

**Plaintiff's Address**

James E. Morton
c/o Eisenberg, Gilchrist & Morton
215 South State Street, Suite 900
Salt Lake City, Utah 84111

Name of Person Served: _____
Address of Service: _____
Date of Service: _____
Time of Service: _____
Name of Process Server: _____

**ANDERSON & KARRENBERG**
Thomas R. Karrenberg (#3726)
Jon V. Harper (#1378)
700 Chase Tower
50 West Broadway
Salt Lake City, Utah  84101
Telephone:  (801) 534-1700
Facsimile:  (801) 364-7697

**Attorneys for Plaintiff**

---

## IN THE THIRD JUDICIAL DISTRICT COURT

## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| JAMES E. MORTON, <br><br>      Plaintiff, <br><br> vs. <br><br> MERRILL LYNCH PIERCE FENNER & SMITH, INC. and PRESIDIO CAPITAL ADVISORS, LLC, <br><br>      Defendants. | **SUMMONS** <br> **(30 Day)** <br><br><br> Case No. 060903356 <br><br> Judge Hanson |

**THE STATE OF UTAH TO THE ABOVE-NAMED DEFENDANT:**

**PRESIDIO CAPITAL ADVISORS, LLC**
c/o Brodie L. Cobb
3530 Washington Street
San Francisco, CA  94118

You are hereby summoned and required to file an answer in writing to the attached Complaint with the clerk of the above-entitled court, whose address is 450 South State Street, Salt Lake City, Utah 84111, and to serve upon, or mail to, Thomas R. Karrenberg, Esq., and Jon V. Harper, Esq., of ANDERSON & KARRENBERG, 700 Chase Tower, 50 West Broadway, Salt Lake City, Utah 84101-2006, attorneys for plaintiff, a copy of said answer within thirty (30) days after service of this summons upon you.

If you fail so to do, judgment by default will be taken against you for the relief demanded in the Complaint, the original of which has been filed with the Clerk of the Court and a copy of which is hereto annexed and herewith served upon you.

DATED: February _22_, 2006

ANDERSON & KARRENBERG

Thomas R. Karrenberg
Jon V. Harper
**Attorneys for Plaintiff**

2

**ANDERSON & KARRENBERG**
Thomas R. Karrenberg (#3726)
Jon V. Harper (#1378)
700 Chase Tower
50 West Broadway
Salt Lake City, Utah 84101
Telephone: (801) 534-1700
Facsimile: (801) 364-7697

**Attorneys for Plaintiff**

---

## IN THE THIRD JUDICIAL DISTRICT COURT

## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| JAMES E. MORTON, as Trustee for the JAMES E. MORTON LIVING TRUST, <br><br> Plaintiff, <br><br> vs. <br><br> MERRILL LYNCH PIERCE FENNER & SMITH, INC. and PRESIDIO CAPITAL ADVISORS, LLC, <br><br> Defendants. | **COMPLAINT** <br><br><br> Case No. 060903356 <br> Judge Timothy R. Hanson <br><br> **JURY DEMAND** |

James E. Morton ("Plaintiff"), as Trustee for the James E. Morton Living Trust (the

"Trust"), by and through the undersigned counsel, complains against Defendants Merrill Lynch

Pierce Fenner & Smith Inc. ("Merrill Lynch") and Presidio Capital Advisors, LLC ("Presidio"),

demands trial by jury, and alleges as follows:

## PARTIES

1.      Plaintiff is an individual residing in Salt Lake County, Utah, and serves as Trustee for the James E. Morton Living Trust.

2.      Defendant Merrill Lynch Pierce Fenner & Smith, Inc. ("Merrill Lynch"), is a Delaware corporation, licensed to do business in Utah, and is doing business in Salt Lake County, Utah.

3.      Defendant Presidio Capital Advisors, LLC ("Presidio"), is a California limited liability company that has contracted to supply services in this State, and has caused an injury within this State.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this matter pursuant to Utah Code Ann. § 78-3-4 (2004). Personal jurisdiction over Defendants is valid pursuant to Utah Code Ann. § 78-27-24 (1998).

5.      Venue is appropriate in this Court pursuant to Utah Code Ann. § 78-13-5 through 7, inclusively.

## FACTUAL ALLEGATIONS

6.      In or about May 2005, Plaintiff opened a Brokerage Account with defendant Merrill Lynch through Jeff Wycoff, an Account Representative in Merrill Lynch's office in Walnut Creek, California. At that time, the Trust held a significant number of shares of stock in Raser Technologies, Inc. ("Raser"). The Trust's Raser stock was held in this Brokerage Account.

7. Shortly thereafter, Mr. Wycoff left the employ of Merrill Lynch and joined defendant Presidio Capital, leaving Christopher D. Barlow – with whom Mr. Wycoff has worked closely – to serve as Plaintiff's Account Representative, providing Plaintiff with advice and assistance in the management of Plaintiff's portfolio at Merrill Lynch.

8. At all times relevant to this action, Mr. Wycoff was an employee and/or agent of Presidio Capital, acting within the scope of his employment and/or agency, and as such Presidio Capital is responsible for Wycoff's actions and omissions under the doctrine of respondeat superior.

9. At all times relevant to this action, Mr. Barlow was an employee and/or agent of Merrill Lynch, acting within the scope of his employment and/or agency, and as such Merrill Lynch is responsible for Barlow's actions and omissions under the doctrine of respondeat superior.

10. On or about September 6, 2005, Mr. Wycoff met with Plaintiff in Plaintiff's office in Salt Lake City, Utah, to discuss strategies for the management of Plaintiff's portfolio, including the Trust's Raser stock.

11. In his meeting with Plaintiff, Mr. Wycoff proposed that he would serve as Plaintiff's investment advisor, representing that Presidio was comprised of a number of former Goldman Sachs investment advisors. Mr. Wycoff further proposed that he would advise Plaintiff on trades of the Trust's Raser stock, continuing to work with Mr. Barlow and Merrill Lynch, where Plaintiff's account would remain and the actual trades would be made.

- 3 -

12.    At the September 6 meeting, Plaintiff stressed to Mr. Wycoff that while he desired to sell some of the Trust's Raser stock, he did not want any action taken that would adversely affect Raser, its chairman Kraig Higginson, or the price of Raser stock.

13.    Plaintiff further explained that these considerations transcended considerations of making money from the Trust's Raser stock.

14.    Mr. Wycoff told Plaintiff that trades of the Trust's Raser stock could be conducted following an algorithmic formula that would avoid the adverse effects that Plaintiff so clearly wanted to avoid.

15.    Mr. Wycoff explained that Merrill Lynch's computer would be programmed to execute trades automatically according to certain parameters.  These parameters would include random sales of stock in small lots on a given day that would never involve more than two selling days in a week (and sometimes no sales at all in a given week), and that the volume of the sales would never exceed 10% of the daily volume of the stock.

16.    Plaintiff agreed to the approach proposed by Mr. Wycoff, and, on that basis, relying on Mr. Wycoff's representation and advice, Plaintiff executed an SEC Rule 144 form, in blank, to permit this process to begin.

17.    During September 2005, Mr. Wycoff conducted sales of the Trust's Raser stock on three separate days.  At the end of each day, he called Plaintiff and reported the volume of the sales (always less than 10% of the daily average) and the price (always slightly more than the average price).

- 4 -

18.    After the three days of sales, Plaintiff informed Mr. Wycoff that he wanted to stop making any more sales of the Trust's Raser stock for the time being.

19.    Plaintiff instructed Mr. Wycoff to continue his efforts to have the legend removed from the Trust's 144K stock, which was eligible to become free-trading stock on or about October 13, 2005.

20.    From October 12, 2005, to the end of the month, Plaintiff and his wife were in Europe on their honeymoon.

21.    On October 20, 2005, while in Italy, Plaintiff received certain telephone calls on his wife's cell phone from both Presidio and Merrill Lynch in connection with the execution of a document in order to complete the process of removing the legend from the Trust's 144K Raser stock.   The document was faxed to Plaintiff's hotel, and Plaintiff signed and returned the document that same day.

22.    In one of those brief calls, Plaintiff was informed that the price of the Raser stock had been falling – which was not unusual for this relatively volatile stock – and was advised that he might consider selling some of the Trust's Raser stock.

23.    Indicating that he would be returning in about a week, Plaintiff stressed that any sale during the intervening period needed to be within the parameters he had agreed to previously with Mr. Wycoff. The other party attempted to reach Mr. Wycoff to add him to the call, but Mr. Wycoff, who himself was on vacation, did not answer.   Plaintiff nevertheless explained the parameters he had agreed to with Mr. Wycoff.

24.     Thus, Plaintiff authorized, at most, no more than two days of sales of Raser stock over the next six trading days – considering no more than two sales per week, and that the volume of the sales would not exceed 10% of the daily average sales of the stock.

25.     Upon his arrival in New York City from Europe, Plaintiff learned for the first time that 150,000 shares of the Trust's Raser stock had been sold into an account at Cantor Fitzgerald, and that many of the shares were sold at prices below $8 per share.

26.     Upon information and belief, Merrill Lynch sold the Trust's Raser stock to benefit another Merrill Lynch client referred to as a "captive buyer."

27.     Merrill Lynch was holding the Trust's shares of Raser stock on the Trust's behalf and sold and delivered those shares without the Plaintiff's authorization, knowledge, or consent.

28.     Upon information and belief, Merrill Lynch sold and delivered those shares either in concert with Presidio, or upon Presidio's direction, or with Presidio's knowledge and consent.

29.     As a result of the unauthorized sale of the Trust's Raser stock, the Trust has been damaged in an amount to be proved at trial.

30.     The acts or omissions of the defendants are the result of willful and malicious conduct, or conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights of the Trust.

## FIRST CLAIM FOR RELIEF

**(Breach of Contract/Implied Covenant of Good Faith and Fair Dealing -- Merrill Lynch)**

31.     Plaintiff incorporates the allegations of all preceding paragraphs as if fully stated herein.

- 6 -

32.   By selling the Trust's Raser stock without Plaintiff's authorization, and in direct violation of Plaintiff's instructions, Merrill Lynch breached the express and implied terms of its agreement with Plaintiff for the custody and management of the Trust's stock and related investment assets.

33.   By selling the Trust's Raser stock without Plaintiff's authorization, and in direct violation of Plaintiff's instructions, Merrill Lynch also breached the covenant of good faith and fair dealing, which was an implied term of Plaintiff's agreement with Merrill Lynch for the custody and management of the Trust's stock and related investment assets.

34.   Plaintiff fulfilled all of his obligations under his agreement with Merrill Lynch.

35.   As a result of Merrill Lynch's breach of its agreement with Plaintiff and of the implied covenant of good faith and fair dealing, the Trust has been damaged in an amount to be proved at trial.

## SECOND CLAIM FOR RELIEF

**(Breach of Contract/Implied Covenant of Good Faith and Fair Dealing - Presidio)**

36.   Plaintiff incorporates the allegations of all preceding paragraphs as if fully stated herein.

37.   By participating in, encouraging, directing, and/or allowing Merrill Lynch's sale of the Trust's Raser stock without Plaintiff's authorization, and in direct violation of Plaintiff's instructions, Presidio and its employees and agents breached the express and implied terms of Presidio's agreement with Plaintiff to advise and assist Plaintiff in the management of his portfolio.

- 7 -

38.     By participating in, encouraging, directing, and/or allowing Merrill Lynch's sale of the Trust's Raser stock without Plaintiff's authorization, and in direct violation of Plaintiff's instructions, Presidio and its employees and agents also breached the covenant of good faith and fair dealing, which was an implied term of Presidio's agreement with Plaintiff to advise and assist Plaintiff in the management of his portfolio.

39.     Plaintiff fulfilled all of his obligations under his agreement with Presidio.

40.     As a result of Presidio's breach of its agreement with Plaintiff and of the implied covenant of good faith and fair dealing, the Trust has been damaged in an amount to be proved at trial.

### THIRD CLAIM FOR RELIEF

### (Breach of Fiduciary Duty – Merrill Lynch and Presidio)

41.     Plaintiff incorporates the allegations of all preceding paragraphs as if fully stated herein.

42.     By selling the Trust's Raser stock without Plaintiff's authorization, and in direct violation of Plaintiff's instructions, Merrill Lynch and its employees and agents breached their fiduciary duties to the Trust, including but not limited to their (a) duty of loyalty to the Trust; (b) duty to exercise due care in the management of the Trust's stock and related investment assets in Plaintiff's Brokerage Account; (c) duty to follow Plaintiff's instructions regarding the manage-ment of the Trust's stock and related investment assets in Plaintiff's Brokerage Account; and (d) duty to act only as authorized in the management of the Trust's stock and related investment assets in Plaintiff's Brokerage Account.

43.     By participating in, encouraging, directing, and/or allowing Merrill Lynch's sale of the Trust's Raser stock without Plaintiff's authorization, and in direct violation of Plaintiff's instructions, Presidio and its employees and agents breached their fiduciary duties to the Trust, including but not limited their (a) duty of loyalty to the Trust; (b) duty to exercise due care in advising and assisting Plaintiff in the management of the Trust's stock; (c) duty to follow Plaintiff's instructions regarding the management of the Trust's stock; and (d) duty to act only as authorized in the management of the Trust's stock.

44.     As a result of Merrill Lynch's and Presidio's breaches of their fiduciary duties to the Trust, the Trust has been damaged in an amount to be proved at trial.

45.     Merrill Lynch and Presidio each knew that the other's conduct constituted a breach of the other's fiduciary duties to the Trust and gave substantial assistance and encouragement to the other to so breach that duty.

46.     Alternatively, Merrill Lynch and Presidio each gave substantial assistance to each other in accomplishing the breach of the other's fiduciary duties to the Trust, and Merrill Lynch's and Presidio's own conduct, separately considered, constituted a breach of their own fiduciary duties to the Trust.

47.     Accordingly, Merrill Lynch and Presidio are each fully liable for all damages the Trust suffered as a result of the breaches of the fiduciary duties owed by both Merrill Lynch and Presidio to the Trust.

## FOURTH CLAIM FOR RELIEF

### (Conspiracy – Merrill Lynch and Presidio)

48.    Plaintiff incorporates the allegations of all preceding paragraphs as if fully stated herein.

49.    As demonstrated by the allegations set forth, Merrill Lynch and Presidio acted in concert to effect the sale of the Trust's Raser stock in October 2005, pursuant to a meeting of the minds on the object and course of action, which resulted in an unlawful act, i.e., the sale of the Trust's Raser stock without Plaintiff's authorization, in violation of Plaintiff's directions, and in breach of the fiduciary duties owed to the Trust.

50.    As a result of the conspiracy between Merrill Lynch and Presidio to affect the unauthorized sale of the Trust's Raser stock, the Trust was damaged in an amount to be proved at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks for Judgment in the Trust's favor and against Defendants for the following:

1.    Damages in an amount to be proved at trial;

2.    Punitive damages;

3.    Attorney fees pursuant to the Account Agreement and as otherwise provided by law;

4.    Prejudgment and postjudgment interest;

5.    Costs and other expenses of litigation; and

- 10 -

6.    All additional relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.


DATED: February 24, 2006


ANDERSON & KARRENBERG

Thomas R. Karrenberg
Jon V. Harper
**Attorneys for Plaintiff**

**Plaintiff's Address**

James E. Morton
c/o Eisenberg, Gilchrist & Morton
215 South State Street, Suite 900
Salt Lake City, Utah 84111

JS 44 (Rev. 11/94)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
James Morton, as Trustee for the James E. Morton Living Trust,

## DEFENDANTS
Merrill Lynch, Pierce, Fenner, + Smith AND Precision Capital Advisors, Inc.

(b) County of Residence of First Listed Plaintiff  Salt Lake County, Utah
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  New York
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Thomas Karrenberg + Jon Hafen, 700 Chase Tower, 50 West Broadway, SLC UT 84101 (801) 534-1700

Attorneys (If Known)
Richard F. Ensor, 136 E. South Temple, #1770, SLC, UT 84111 (801) 328-0808

## II. BASIS OF JURISDICTION     (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT     (Place an "X" in One Box Only)

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☒ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

### PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
**Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

### FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN     (Place an "X" in One Box Only)
- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:  Breach of Covenant (Implied Covenant of Good Faith + Fair Dealing

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE
DOCKET NUMBER

DATE  3/20/06

SIGNATURE OF ATTORNEY OF RECORD
Richard F. Ensor

FOR OFFICE USE ONLY

RECEIPT #          AMOUNT          APPLYING IFP

Judge Tena Campbell
DECK TYPE: Civil
DATE STAMP: 03/20/2006 @ 15:37:55
CASE NUMBER:  2:06CV00236  TC